**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDALL KEITH WINEINGER,

              Plaintiff,

                                    Case No. 09-14525

v.

                                    HON. MARIANNE O. BATTANI

LOWE'S HOME CENTERS, INC.,

              Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS**

**I.**     **INTRODUCTION**

Before the Court is Defendant Lowe's Home Centers, Inc.'s ("Lowe's") Motion to

Dismiss Counts 2 and 3 of Plaintiff Randall Wineinger's Complaint. (Doc. 2). In his

complaint, Wineinger alleges that Lowe's termination of his employment violated

Michigan's Whistleblower's Protection Act ("WPA") (Count 1) and the public policy of

Michigan (Count 2). In addition, Wineinger contends that the termination violated his

employment contract with Lowe's (Count 3). For the reasons discussed below, the

Court grants in part and denies in part Lowe's Motion to Dismiss.

**II.**     **STATEMENT OF FACTS**

According to the complaint, Wineinger was an employee of Lowe's when, on

June 20, 2009, he observed suspected shoplifters leave the store. The individuals got

into a vehicle and drove off in a reckless manner, running a stop sign and almost hitting

a customer and a car. Wineinger called the police to report the reckless operation of the automobile. According to Lowe's, it has policies specifying that only certain designated management officials within a store may contact the police to report shoplifters. As such, Lowe's terminated Wineinger's employment July 21, 2009 because he called the police about the incident.

## III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

## IV.     ANALYSIS

Lowe's argues that Wineinger's violation of public policy claims fail because they are preempted by the WPA. In the alternative, Lowe's contends that dismissal or summary judgment of Wineinger's breach of contract claim is appropriate.

In Michigan, "[a] public policy claim is sustainable . . . only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." Dudewicz v. Norris-Scmid, Inc., 503 N.W.2d 645, 650 (Mich. 1993), overruled in

part on other grounds by <u>Brown v. Detroit Mayor</u>, 734 N.W.2d 514, 517 n.2 (Mich. 2007). As the WPA specifically prohibits employers from retaliating against employees who report illegal practices to the authorities, a public policy claim may not lie for such conduct. <u>Id.</u> Likewise, a breach of contract claim also may not be raised on such facts, as the WPA is the plaintiff's exclusive remedy. <u>See</u> <u>Driver v. Hanley</u>, 523 N.W.2d 815, 817 (Mich. Ct. App. 1994).

Wineinger contends that the WPA should not preclude his other claims because it is too early to determine whether the WPA is applicable to the facts of this case. Wineinger cites to <u>Driver v. Hanley</u>, 575 N.W.2d 31 (Mich. Ct. App. 1997), for support. In that case, the plaintiff brought claims for, among other things, a violation of the WPA and a breach of contract. <u>Id.</u> at 33. The breach of contract claim was dismissed early in the lawsuit on the ground that the WPA provided the plaintiff's exclusive remedy. The trial court then found that the WPA was inapplicable because it did not apply in light of the fact that the plaintiff made her report to a federal agency, to which the WPA did not apply. <u>Id.</u> at 33-34. The Michigan Court of Appeals found that because the WPA was not applicable to the facts regarding the plaintiff's discharge, it provided no remedy and, therefore, did not constitute the plaintiff's exclusive remedy. <u>Id.</u> at 36. Accordingly, the court reinstated the plaintiff's breach of contract claim because it was not preempted by the WPA. <u>Id.</u>

In this case, the Court finds that although Lowe's may be correct that the WPA constitutes Wineinger's exclusive remedy, it is too early in this litigation to ascertain with certainty whether the WPA is "an applicable statutory prohibition against discharge in retaliation for the conduct at issue." <u>Dudewicz</u>, 503 N.W.2d at 650. Accordingly, the

Court denies Lowe's request to have the violation of public policy and breach of contract claims dismissed at this time on the basis of the WPA.

Lowe's also contends, however, that the breach of contract claim should be dismissed for failure to state a claim because Wineinger did not plead the existence of a contract that provided solely for just-cause discharge. In his complaint, Wineinger's only allegations concerning his relationship with Lowe's are that he was employed by Lowe's and that "Lowe's termination of Wineinger's employment breached the implied and express contract of employment between the parties."

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires that the factual allegations in a complaint be sufficient to give the defendant notice of what claims are alleged. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted).

In this case, Wineinger's complaint merely asserts that his termination constituted a breach of his employment contract; it does not indicate why this termination constituted a breach of his employment contract. As such, Wineinger's breach of contract allegations are inadequate because they are, at best, "a formulaic recitation of the elements of [the] cause of action." See id. Accordingly, the Court will grant Lowe's request to dismiss the breach of contract claim.

## V.  CONCLUSION

Therefore,  Lowe's Motion to Dismiss Counts 2 and 3 of Wineinger's Complaint is

**GRANTED IN PART AND DENIED IN PART.**  The motion is denied as it relates to

violation of public policy claim (Count 2), but granted as it relates to the breach of

contract claim (Count 3).

      **IT IS SO ORDERED.**


                    s/Marianne O. Battani
                    MARIANNE O. BATTANI
                    UNITED STATES DISTRICT JUDGE


DATED: July 12, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.


                    s/Bernadette M. Thebolt
                    Case Manager